

IN THE

# Court of Appeals of Indiana

Michael A. Conley, Sr.,

*Appellant-Third-Party Defendant*

v.

USA Track & Field, Inc.,

*Appellee-Third-Party Plaintiff*



FILED

Apr 27 2026, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

April 27, 2026

Court of Appeals Case No.
25A-CT-2995

Interlocutory Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49D01-2309-CT-34614

---

**Opinion by Judge Mathias**
Judges May and Felix concur.

**Mathias, Judge.**

[1] Michael A. Conley, Sr. appeals the trial court's denial of his motion to compel arbitration against United States Track & Field, Inc. ("USATF").[1] Conley raises a single issue for our review, which we restate as whether the trial court erred when it denied his motion. We affirm.

## Facts and Procedural History

[2] The United States Olympic and Paralympic Committee ("USOPC") is the organization established by federal law to further "national goals for amateur athletic activities" and to "encourage the attainment of those goals." 36 U.S.C. § 220503(1) (2024). Among other powers and responsibilities, the USOPC may "certify national governing bodies for any sport that is included on the program of the Olympic Games, the Paralympic Games, the Pan-American Games, or the Parapan American Games." 36 U.S.C. § 220505(c)(4). Further, the USOPC may "facilitate, through orderly and effective administrative procedures, the resolution of conflicts or disputes that involve any . . . national governing body . . . ." 36 U.S.C. § 220505(c)(5).

[3] In accordance with its authority, the USOPC established USATF as the national governing body ("NGB") for track-and-field-related athletics in the

---

[1] Conley's interlocutory appeal is authorized under Indiana Appellate Rule 14(D) and Indiana Code section 34-57-2-19(a)(1) (2025).

United States. USATF is comprised in relevant part of a twenty-one member Board of Directors ("the Board") as well as individual members.

[4] In March 2022, USATF requested bids from possible host cities for the 2024 Olympic marathon trials. Two cities, Chattanooga and Orlando, submitted bids. At the time, Jim Estes was a member of the Board and Conley was the Chairman of the Board. In May, Estes entered into an agreement with the City of Chattanooga "to serve as a consultant" on its bid with USATF. Appellant's App. Vol. 2, p. 64. Although Estes updated conflicts-of-interest forms with USATF, the forms apparently failed to disclose his relationship with the City of Chattanooga.

[5] Other USOPC and USATF officials learned of Estes's relationship with the City of Chattanooga when they observed him there while they were on a site visit relating to the City's bid. USOPC and USATF officials informed Orlando of the apparent conflict of interest and then disqualified the City of Chattanooga's bid. In doing so, USATF wrote a letter to the City of Chattanooga that stated that "Estes's work for Chattanooga undermined the integrity of Chattanooga's bid." *Id.* at 66. USATF then awarded the 2024 trials to Orlando. Following an ensuing ethics investigation, the USOPC directed USATF to demonstrate that USATF's conflict-of-interest disclosure process is being executed on a consistent basis as a condition of USATF maintaining its status as the NGB for track-and-field-related athletics.

[6] Following USATF's disqualification letter to the City of Chattanooga, Estes brought a lawsuit in the Marion Superior Court against USATF for, among other things, defamation. In the course of the ensuing discovery, USATF learned that Conley "was in frequent and continuous communication with Estes" during the underlying 2024 bidding process and resulting ethics investigations, and "the communications between Conley and Estes indicate[d] a high level of coordination and collusion between them, in direct contravention of Conley's ethical and legal obligations to USATF while Chairman of its Board of Directors." *Id.* at 24. USATF thus filed a third-party complaint against Conley alleging that he had breached his fiduciary duty to USATF based on those communications as well as Conley's refusal to cooperate with USATF's discovery requests in the Estes litigation.

[7] Thereafter, Conley filed his motion to compel arbitration against USATF. In his motion, he argued that "USATF has rules of governance and bylaws" that "require arbitration of the claims raised in" USATF's third-party complaint. *Id.* at 55. In particular, Conley relied on USATF Bylaw 18(J), which states:

> **Arbitration:** USATF agrees to submit to binding arbitration conducted under the commercial rules of the American Arbitration Association, *in any controversy involving its recognition as [an NGB]*, as provided [under federal law,] or in any controversy involving the opportunity of any athlete, coach, trainer, manager, administrator, or official to participate in Athletics competition, as provided for in the constitution and bylaws of the USOPC.

*Id.* at 106 (italicized emphasis added; other italics removed).

[8] According to Conley's argument in his motion to compel, Bylaw 18(J)'s language regarding the USOPC's "recognition of USATF as a national governing body . . . is at the core of this dispute." *Id.* at 58 (citation modified). Specifically, Conley argued that, because the USATF's third-party complaint against Conley alleged breach of fiduciary duties relating to conduct that became part of the USOPC's ensuing ethics investigation against USATF, and because the USOPC's ethics investigation resulted in the imposition of conditions on USATF for USATF to maintain its status as an NGB, USATF's claim against Conley had become "an inseparable part" of the USOPC's recognition of USATF as an NGB. *Id.* at 60. Thus, Conley argued, USATF was required "to submit to binding arbitration" under Bylaw 18(J). *Id.* at 60-61.

[9] The trial court denied Conley's motion to compel arbitration as well as his ensuing motion for reconsideration. This appeal ensued.

## Discussion and Decision

[10] Conley appeals the trial court's denial of his motion to compel arbitration. "[W]e do not defer to a trial court's decision on a motion to compel arbitration . . . ." *Decker v. Star Fin. Grp., Inc.*, 204 N.E.3d 918, 921 (Ind. 2023). Rather, we review the motion to compel arbitration "anew," that is, de novo. *Id.*

[11] The trial court properly denied Conley's motion. Conley's motion was premised on his assessment that, because the USOPC's ethics investigation resulted in conditions being imposed on USATF in order for USATF to

maintain its status as an NGB, the *reason* for the ethics investigation must "involv[e]" USATF's ongoing recognition as an NGB under Bylaw 18(J). Appellant's App. Vol. 2, p. 106. We disagree, and we conclude that Conley's argument requires isolating the word "involv[e]" away from the full text of Bylaw 18(J), which we will not do. *See, e.g.*, *Schwartz v. Heeter*, 994 N.E.2d 1102, 1107 (Ind. 2013). Bylaw 18(J) does not require USATF to arbitrate any claims that "involv[e]" its status as an NGB, no matter how tenuous. Rather, the Bylaw requires USATF to arbitrate "*any controversy involving its recognition as*" an NGB. *Id.* (emphasis added).

[12] The controversy between USATF and Conley is not a "controversy involving [USATF's] recognition as" an NGB. It is a controversy involving Conley's alleged breach of his fiduciary duty to USATF. The resolution of the controversy between USATF and Conley will have no effect whatsoever on whether USATF continues to be recognized as the NGB in the United States for track-and-field-related athletics.[2] It is therefore not a controversy involving USATF's recognition as an NGB, and we affirm the trial court's denial of Conley's motion to compel arbitration accordingly.

[13] For all of these reasons, we affirm the trial court's denial of Conley's motion to compel arbitration.

---

[2] Because we conclude that Bylaw 18(J) does not apply to USATF's claim against Conley, we need not consider Conley's argument that he has standing to enforce Bylaw 18(J).

Affirmed.

May, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Daniel R. Kelley
Nicholas R. Burris
Dinsmore & Shohl LLP
Indianapolis, Indiana

Deirdre A. Close
Croke, Fairchild, Duarte & Beres LLP
Chicago, Illinois

ATTORNEYS FOR APPELLEE

Jonathan D. Mattingly
Hamish S. Cohen
Brian R. Weir-Harden
Jeffrey N. Furminger
Mattingly Burke Cohen & Biederman LLP
Indianapolis, Indiana